United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>Cornhusker RBM, LLC, et. al.,<br><br>                                    Debtors. | Bankruptcy No. 13-bk-26443<br><br>(Jointly Administered) |
| Joji Takada, Chapter 7 Trustee of Diagnostic P.E.T. Network, LLC<br><br>                                    Plaintiff<br><br>v.<br><br>Libertyville Imaging Associates,<br><br>                                    Defendant. | Chapter 7<br><br><br>Adversary No. 15-ap-443 |

## MEMORANDUM OPINION ON LIBERTYVILLE IMAGING ASSOCIATES'S MOTION TO DISMISS

This adversary proceeding relates to the bankruptcy case filed by P.E.T. Network, LLC, ("Debtor") one of a number of related entities that was consolidated with the Cornhusker RBM, LLC bankruptcy. Originally, the bankruptcy case was filed as a chapter 11, but was eventually converted to chapter 7, and Joji Takada ("Trustee") was appointed the trustee. He filed a number of adversary proceedings seeking recovery of payments previously made by P.E.T. Network as preferences under 11 U.S.C. § 547 or fraudulent conveyance under § 548, and this is one such case. He also seeks recovery of the avoided transfer under § 550, and for disallowance of Libertyville Imaging Associates' ("Defendant") claim until the avoided transfer is returned to the estate. Defendant filed a document which it styles a motion to dismiss, but which lays out its affirmative defenses. For reasons set forth below, the motion to dismiss will be denied.

## FACTS AS ALLEGED

On a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint are taken as true and all reasonable inferences are drawn in favor of the non-moving party. *Geinosky v. City of Chicago*, 675 F.3d 743, 746 (7th Cir. 2012). Documents attached to a complaint are considered part of the complaint. F.R.C.P. 10(c) [Rule 7010 Fed. R. Bankr. P.]; *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) (citations omitted). The facts regarding the complained of conduct are considered as they are alleged in the Amended Complaint, and are assumed to be true.

Debtor filed for Bankruptcy on June 28, 2013. The complaint alleges that on April 12, 2013, less than ninety days before the bankruptcy filing, Debtor paid Defendant $10,125. The complaint also alleges that Defendant was a creditor of the Debtor, that the transfers were made on account of an antecedent debt, that the Debtor was insolvent at the time of the transfer, and that the transfer would have been more than what Defendant would have received in a hypothetical chapter 7 bankruptcy.

## DISCUSSION

### JURISDICTION AND VENUE

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer bankruptcy proceedings to a bankruptcy judge under 28 U.S.C. § 157, and this proceeding is thereby referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (F). It seeks to determine a preference. Therefore, it "stems from the bankruptcy itself," and may constitutionally be decided by a bankruptcy judge. *Stern v. Marshall*, 131 S.Ct. 2594, 2618 (2011).

## HOW TO PRESENT DEFENSES

Rule 12(b), F.R. Civ. P., as made applicable by Rule 7012, F.R. Bankr. P., provides that:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion.
> (1) a lack of subject-matter jurisdiction;
> (2) lack of personal jurisdiction;
> (3) improper venue;
> (4) insufficient process;
> (5) insufficient service of process;
> (6) failure to state a claim upon which relief can be granted; and
> (7) failure to join a party under Rule 19.

Defendant states that avoidance is improper under 11 U.S.C. § 547(c)(2) because the transfer was in the ordinary course of Debtor's business. That a transfer occurred in the ordinary course of business is an affirmative defense to preference actions. *In re Energy Co-op. Inc.*, 832 F.2d 997, 999 (7th Cir. 1987). But the ordinary course defense is not listed as one that can be brought by motion. Rather, it must be asserted in the responsive pleading: an answer.

Perhaps the motion to dismiss is under Rule 12(b)(6) for failure to state a claim. But "complaints do not have to anticipate affirmative defenses to survive dismiss." *U.S. v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). The exception is when "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Id.* Here, the complaint does not set forth any facts which would establish an ordinary course defense. *See Kleven v. Household Bank F.S.B.*, 334 F.3d 638, 642 (7th Cir. 2003) (discussing the ordinary course defense, collecting cases). Instead, Defendant attaches documents purporting to show that the transfers were made in the ordinary course.

Therefore, a motion to dismiss is not the proper way to dispose of this adversary proceeding.

Rule 12(d) provides: "If on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all material that is pertinent to the motion."

Treatment of this motion as one for summary judgment would be ill advised at this point. Since all parties must be given a reasonable opportunity to present all material that is pertinent, discovery may be needed. Both parties would have to be given an opportunity to file the required statements under Local Rule 7056, which is a laborious process. Treating the motion as one for summary judgment would be burdensome to the parties and unlikely to decide the case. Therefore, the attachments to the motion to dismiss are excluded, and the motion to dismiss will be denied by separate order. That order will also provide Defendant 14 days to file an Answer.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 16 day of September, 2015

SEP 16 2015